IN THE SUPERIOR COURT
OF GUAM

KRYSTAL M. FRENCH                  )         DOMESTIC CASE NO.: DM0848-09
                                   )
                Plaintiff,         )
                                   )
        v.                         )         **DECISION AND ORDER**
                                   )
                                   )
ANDRE V. FRENCH,                   )
                                   )
                Defendant.         )
                                   )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Plaintiff's Motion to Delete was taken under advisement on September 25, 2013. Defendant is represented by attorney Ron Moroni. Plaintiff is represented by attorney Seaton M. Woodley. Having considered the arguments, evidences and file herein, the Court hereby enters an order DENYING Plaintiff's motion.

## BACKGROUND

The instant matter arises out of a December 21, 2009, Verified Complaint for Divorce. On July 1, 2010, the matter came before the Court for a bench trial and on July 9, 2010 the Court entered its Findings of Fact and Conclusions of Law. The Interlocutory Decree of Divorce and Final Decree of Divorce was signed and filed by the Court on July 16, 2010.

On August 9, 2013, Plaintiff filed a paper entitled, Memorandum of Points and Authorities. In it Plaintiff requests that the Court enter an order deleting paragraph III of its Interlocutory Decree of Divorce. In support of this request Plaintiff asserts that it does not express the actual intent of the Court and argues that its correction is justified as a clerical error.

Defendant filed his opposition on September 6, 2013. In it Defendant disputes the Plaintiff's assertion that the contents of Paragraph III were not discussed at trial. Defendant also disputes the argument that its inclusion in the interlocutory decree was a clerical error. To

support these arguments and assertions Defendant cites to portions of the bench trial's minute entries where the Court questioned Defendant about the dates of her marriage and separation in relation to her enlistment.

Plaintiff filed her reply on September 11, 2013.[1] In it Plaintiff re-asserts that the Court did not say it would divide the military pension and that Plaintiff's prior attorney has no recollection of any discussions about Plaintiff's pension. Plaintiff argues that Defendant's inclusion of the pension was done in bad faith and with intentional non-conformance with the Court's decree.

## DISCUSSION

A Court has inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. U.S.*, 193 U.S. 451, 456-57, Guam R. Civ. P. 59, 60. This ability has long been recognized by the U.S. Supreme Court and is specifically and broadly promulgated into the Guam Rules of Civil Procedure. *Id.* Rule 60(a) of the Guam Rules of Civil Procedure provides that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders." Guam R. Civ. P. 60(a). Rule 60(b) also allows for the correction of inadvertent error. Guam Rules Civ. P. 60(b).

Plaintiff requests that Paragraph III of the Court's Interlocutory Decree of Divorce be deleted as a clerical or inadvertent error. Mem. at 1-5. In support of this assertion she cites to the absence of Plaintiff's military retirement from the Court's July 9, 2010, Findings of Fact and

---

[1] On September 10, 2013, Plaintiff also filed a paper entitled, Opposition to Motion for Sanctions. However a review of the Court's file reveals that motion a for rule 11 sanctions against Plaintiff's attorney has not been filed by this Court. Accordingly it is not before the Court. However, having reviewed the issues raised therein, as well as the file and record under

Conclusions of Law. Applying the above standard, the Court is not persuaded that Plaintiff's request falls within the scope of its inherent and rule based authority to correct error inadvertent or clerical. Guam R. Civ. P. 59, 60. Although prepared by the Defendant the Court's signing and entry of its Interlocutory Decree of Divorce was the result of a careful consideration of the facts placed before it by the Parties at trial. Accordingly while its omission from its Findings of Fact and Conclusions of Law may have been error, its inclusion in its interlocutory decree did not arise from and oversight or omission and cannot be described as inadvertent. Evidence about the communal nature of the Plaintiff's military retirement was received at the trial and should be included in the Parties' decree. 19 GCA § 8411(b).

## CONCLUSION

Based upon the foregoing, the Court DENIES Plaintiff's motion.

SO ORDERED, this 15th day of _____ 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

the appropriate standards, the Court is disinclined to award sanctions in this matter. Guam R. Civ. P. 11.